IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GUSTAVO ALBERTO MERINO LIMA                                    PETITIONER
A 240-244-819

V.                                               Cause No. 5:26-cv-00069-DCB-BWR

RAFAEL VERGARA                                                RESPONDENTS
*Warden, Adams County Correctional
Center* and
SCOTT LADWIG
*Immigration and Customs Enforcement,
New Orleans Field Office Director*

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed

through counsel by Gustavo Alberto Merino Lima and the Motion to Dismiss for

Mootness [6] filed by Respondents, Rafael Vergara, Warden of Adams County

Correctional Center, and Scott Ladwig, U.S. Immigration and Customs Enforcement

(ICE) New Orleans Field Office Director. Respondents' Motion to Dismiss should be

granted. The Petition is moot because Petitioner has been removed from the United

States.

I. BACKGROUND

Petitioner is a native and citizen of Cuba who entered the United States

illegally on March 5, 2022, was detained, and released on bond. Pet. [1] at 1, 4;

Release on Bond [1-5]; ICE Declr. [6-1] at 1. Petitioner was issued a notice to appear

for removal proceedings. Pet. [1] at 4; Notice to Appear [1-2].

ICE arrested Petitioner on June 5, 2025, and processed him for expedited

removal. Resp't Mem. [7] at 2. "That same day, an immigration judge granted [the Department of Homeland Security's] Motion to Dismiss proceedings, and a Notice and Order of Expedited Removal was entered, ordering Merino Lima's removal from the United States." *Id.* Merino Lima never appealed, and was removed from the United States by IAO Charter Flight on February 19, 2026." *Id.*

Two days before Petitioner's removal, on February 17, 2026, the Court received Petitioner's § 2241 Petition, wherein he challenged the lawfulness of his mandatory detention under 8 U.S.C. § 1225(b)(2) and requested immediate release from ICE's custody. Pet. [1] at 38-39. On March 16, 2026, Respondents filed their Motion to Dismiss for Mootness, informing the Court that Petitioner had been removed from the United States. Resp't Mem. [7] at 2. Petitioner did not respond to the Motion to Dismiss for mootness by his extended deadline of April 6, 2026.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.*  The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition

moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition seeks Petitioner's release from detention and is now moot because Petitioner has been released from detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally provid[ing] a means to seek release from unlawful detention"). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

### III. RECOMMENDATION

It is recommended that Respondents' Motion to Dismiss for Mootness [6] be granted and the Petition [1] dismissed because it is moot.

### IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous,

conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

  **SIGNED,** this the 7th day of April 2026.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE
